PAUL F. HEATON (WI SBN 1000858)
(*admitted pro hac vice*)
Email: pheaton@gklaw.com
DUSTIN B. BROWN (CA SBN 252019)
Email: dbrown@gklaw.com
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, WI 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

Edith Sanchez Shea (SBN 177578)
Email: eshea@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Telephone: (213) 236-0600
Facsimile: (213) 236-2700

Attorneys for Defendant THE NORTHWESTERN
MUTUAL LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB SHALIT, an individual; ZAHAVA SHALIT, an individual<br><br>Plaintiffs,<br><br>v.<br><br>THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, a Wisconsin Corporation; MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, a Massachusetts corporation; ADAM SIMON, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CV13-3525 CAS (JEMx)<br><br>**CONFIDENTIALITY STIPULATION AND ORDER**<br><br><br><br>Action Filed: May 16, 2013<br>Trial Date: None assigned<br><br>Judge: Hon. Christina A. Snyder<br>Magistrate Judge: John E. McDermott |

The Court and the parties recognize that various documents and information likely to be produced during discovery in the above-captioned action are, for competitive and privacy reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Confidentiality Stipulation and

1    Protective Order ("Order") in this action.

2            The materials to be exchanged throughout the course of the litigation between

3    and among the parties to this action, and information and documents provided by

4    third-party witnesses in response to third-party subpoenas ("Information

5    Exchanges"), likely will include proprietary, medical, financial, private and other

6    forms of confidential information, as contemplated by Federal Rule of Civil

7    Procedure 26(c)(1)(G).  The purpose of this Order is to protect the confidentiality of

8    such Information Exchanges as appropriate and necessary during the litigation, and

9    to ensure compliance with the provisions of HIPAA and the Gramm Leach Bliley

10   Act.

11           THEREFORE, the parties stipulate as follows:

12                                   **DEFINITIONS**

13       1.      The term "Confidential Information" shall mean and include

14   information contained or disclosed in any Information Exchanges, including

15   documents, portions of documents, answers to interrogatories, responses to request

16   for admissions, trial testimony, deposition testimony, and transcripts of trial

17   testimony and depositions, including data, summaries, and compilations derived

18   from such materials that is deemed in good faith to be Confidential Information by

19   any party to which it belongs.

20       2.      The term "Counsel" shall mean in-house counsel and outside counsel

21   of record for the parties propounding or receiving Information Exchanges in this

22   action, including the attorneys, paralegals, secretaries, and other support staff

23   employed by such parties who are members of their litigation teams or who are

24   employed in the law firms representing such parties.

25                                  **GENERAL RULES**

26       3.      Each party to this litigation or third parties responding to subpoenas

27   served in this action ("Propounding Parties") who is producing Information

28   Exchanges that the producing party reasonably believes to include content that

1    should be subject to this Protective Order may designate same as

2    "CONFIDENTIAL" or permutations of such designations.

3              a.      Any Propounding Parties may designate Information Exchanges

4    as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel,

5    the unrestricted disclosure of such information could be potentially prejudicial to

6    the business or operations of such party, or constitute a possible violation of an

7    existing law, rule or regulation proscribing or limiting the disclosure of such

8    information to third parties.

9              b.      The designation of Confidential Information will be made at the

10   following times:

11             (i)     For documents and things, designations shall be made at the

12                     time of the production by the Propounding Parties.  In the event

13                     the Propounding Parties elect to produce documents and things

14                     for inspection pursuant to Fed. R. Civ. P. 34(b), however, no

15                     designation need be made prior to the inspection.  For purposes

16                     of any inspection, all documents or things to be inspected shall

17                     be treated as "CONFIDENTIAL."  In the event a request for

18                     copying of such information is made, the Propounding Party

19                     may then designate such documents or things

20                     "CONFIDENTIAL" in accordance with this Order;

21             (ii)    For written responses to interrogatories or requests for

22                     admissions, designations shall be made at the time of the written

23                     response;

24             (iii)   For declarations and pleadings, designations shall be made at the

25                     time of the filing of such declaration or pleading or as otherwise

26                     required by the Court;

27             (iv)    During any depositions in this case, if any witness, examining

28                     attorney or defending attorney believes that the testimony to be

given or the questions to be asked will include information that is Confidential Information or includes information previously designated as "CONFIDENTIAL," or that may constitute, refer or otherwise reflect Confidential Information not previously so designated, then the attorney or witness shall state on the record, upon hearing the question or testimony (where practicable), that the question or testimony will include information designated as "CONFIDENTIAL."  Any person not authorized to receive information designated as "CONFIDENTIAL" by the terms of this Order shall promptly be asked to leave the deposition room and may only return when the witness and Counsel have concluded the portion of the testimony involving information designated as "CONFIDENTIAL."  However, under no circumstances shall parties to this litigation be required to leave the deposition room and it is explicitly recognized that any parties to this litigation have the right to be present at any deposition and may be present for the entire deposition testimony, nor shall such presence be grounds for any instruction or refusal to answer and question at any deposition, unless the Court expressly orders otherwise.  Failure to so designate the material prior to the question or testimony, however, will not result in a waiver of the opportunity to designate the question or testimony "CONFIDENTIAL" under the terms of this Order. Rather, within thirty (30) business days (extendable by written agreement of the parties or agreed on the record during the deposition) after receipt of any deposition transcript, any party or person (including the witness providing the testimony or his or her counsel) may identify, in writing to the parties, the

portion(s) of the deposition transcript(s) containing references to information designated "CONFIDENTIAL." The portion(s) so identified and designated shall be maintained by Counsel in such a manner as to prevent unauthorized disclosure, and disclosure shall be limited to the parties and persons identified in this Order. During the thirty (30) business day period in which deposition testimony may be designated as "CONFIDENTIAL," Counsel shall not distribute or disclose any deposition transcript or its contents to anyone other than the witness or persons who are already subject to the provisions of this Order and who are entitled to receive any such Confidential Information;

(v)     Nothing in this Order shall preclude a party or person from designating as "CONFIDENTIAL" under this Order any information that was exchanged in this litigation prior to the entry of this Order.

5.     In the event the Propounding Parties elect to produce materials for inspection, no marking need be made by the Propounding Parties in advance of the initial inspection. For purposes of the initial inspections, all materials produced shall be considered as "CONFIDENTIAL," and shall be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party shall, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking of "CONFIDENTIAL" or some permutation of such terminology.

7.     Any Confidential Information designated as "CONFIDENTIAL" shall not be disclosed by the receiving party to anyone other than persons authorized to receive such Confidential Information by the terms of this Order and, in any event, shall not be used for any purpose other than in connection with this litigation, unless

and until such designation is removed either by agreement of the parties, or by order

of the Court.

        8.     Confidential Information cannot be shared with a retained consulting

or testifying expert without advance, written approval by the Propounding Party of

such Confidential Information, or by order of this Court.  The party seeking

approval to share Confidential Information with an expert shall provide the

Propounding Party, or submit *in camera* to the Court (to preserve the option of

relying upon consulting experts without disclosing or designating such experts to

the opposing party), the name and curriculum vitae of the retained expert, and an

executed copy of the acknowledgment form attached to this Order as Exhibit A, in

advance of providing any Confidential Information of the producing party to the

expert.  Any objection by the Propounding Party to an independent expert receiving

Confidential Information must be served in writing within ten (10) days following

receipt of the identification of the expert.  Confidential Information may be

disclosed to an independent expert if no such objection has been timely served upon

the expiration of the ten (10) day period.  The approval of requested disclosure to

experts shall not be unreasonably withheld.  A party wishing to share Confidential

Information with an expert who has not been identified as a testifying expert as of

that date may seek permission from the Court to share such information with that

consulting expert on an undisclosed basis, after submitting the name and curriculum

vitae *in camera* to the Court for such approval.  In the event of such an *in camera*

request, no disclosure of Confidential Information shall be made for a period of ten

(10) days following the date of service of such a request, in order to permit the

Propounding Party or other person with standing to object to move for an order that

disclosure not be made or that the disclosure should be subject to requested

conditions.  If such a motion is made, there shall be no disclosure until the Court

has ruled upon the motion, or the parties have resolved the dispute in writing.

9.     Information designated "CONFIDENTIAL" can be used during the course of taking sworn testimony from witnesses during depositions, court hearings, and trial so long as the witness is provided with a copy of this Order and is advised that s/he is subject to the terms of this Order.  Outside the context of such depositions, hearing testimony, and trial testimony, information designated "CONFIDENTIAL" shall be viewed only by the parties, Counsel, experts (subject to the terms of this Order applicable to experts), and by the additional persons listed in subparagraphs (a) through (c) below, provided each such person has been provided with a copy of this Order and has signed a written acknowledgment that s/he is bound by the terms of this Order.

a.     Employees of the parties who are required to participate in policy decisions concerning this action, employees who are called upon to provide information or consultation with respect to the action, and employees who may be called upon to provide testimony in this action;

b.     Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

c.     Stenographic and clerical employees associated with the persons identified above.

10.     Persons who are identified on the face of a document as an author or recipient of a document designated as "CONFIDENTIAL" may be shown the document, provided that person is first provided with a copy of this Order and acknowledges, in writing, that s/he is bound by the terms of the Order.

11.     All information which has been designated as "CONFIDENTIAL" by the Propounding Party, and any and all reproductions of that information, shall be retained in the custody of the Counsel for the receiving party identified in paragraph 3, except that experts authorized to view such Confidential Information under the terms of this Order may retain custody of copies such as are necessary for their

participation in this litigation, subject to the obligations with respect to the ultimate disposition of such Confidential Information set forth in this Order.

12.     If a person who received documents or information designated "CONFIDENTIAL" (i) is subpoenaed in another action or proceeding, served with a demand in another action or proceeding in which it is a party, or is served with any other legal process (or other request for production with which it intends to comply) by one not a party to this litigation seeking designated confidential matter; or (ii) is subject to a court order, administrative ruling, or statutory or regulatory obligation seeking to compel the disclosure of any such material (collectively, a "compelled disclosure"), the compelled party or person shall give actual written notice, by hand, e-mail or facsimile transmission, promptly, but in no event later than seven (7) days of receipt of such compelled disclosure to the party or person who designated the document or information at issue "CONFIDENTIAL."

a.     Unless otherwise ordered by a court or appropriate tribunal, the compelled party or person shall not produce any of the designated documents or information for a period of at least ten (10) business days after providing the required notice.  During that ten (10) day period, the party who designated the documents or information at issue "CONFIDENTIAL" may seek protection from, or file objections to, the production of the designated materials with this Court or other appropriate forum.  Only the party or person who designated the documents or information "CONFIDENTIAL" shall be responsible for asserting any objection to the requested production.  Nothing in this Order shall be construed as requiring the compelled party or person covered by this Order to (a) challenge or appeal any order issued in another proceeding that requires production or disclosure of documents or information protected by this Order, (b) subject himself, herself or itself to any penalties for non-compliance with any legal process, order, or statutory or regulatory obligation or (c) seek any relief from this Court.

/ / /

13.     Before any Exchanged Information designated as CONFIDENTIAL are filed with the Court for any purpose, the party seeking to file such material shall seek permission of the Court to file the material under seal.  The parties will follow and abide by applicable law with respect to filing documents under seal in this Court.

14.     The portions of the trial transcript(s) containing Confidential Information shall also be considered CONFIDENTIAL and shall be used solely in this action, subject to further orders of this Court.

15.     At any stage of these proceedings, any party or other person with standing to do so may object to a designation of the materials as Confidential Information.  The party objecting to confidentiality shall notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection.  If the dispute is not resolved consensually between the parties within ten (10) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection.  The materials at issue shall be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

16.     All Confidential Information shall be held in confidence by those inspecting or receiving it, and shall be used only for purposes of this action.  Counsel for each party, and each person receiving Confidential Information shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information.  If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, exert reasonable efforts to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

/ / /

17.    No party shall be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

18.    If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order.  The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party, subject to the right to contest such designation as set forth in this agreement and order.  Counsel for the parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials "CONFIDENTIAL" or similar permutations of this language.

19.    Nothing in this Order shall prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.  Due to the high volume of documents and emails that will be exchanged in this action, the parties agree that they may exercise claw-back rights by subsequent, post-production assertions of privilege and scope objections, without waiver of such privileges and scope objections.  Upon a producing party's written communication of an assertion of such privileges and/or assertion of scope objections as to materials previously produced, such assertions of privilege and scope objections shall be respected unless and until the Court issues a ruling rejecting the party's assertion of privilege or scope objection.

a.    The parties are not obligated to challenge the propriety of a designation of Confidential Information at the time such designation is made, and failure to do so does not preclude a subsequent challenge.  In the event that any

party or person takes issue with any other party's or person's designation of materials as "CONFIDENTIAL," such party or person must so inform all other parties to this lawsuit by providing proper written notice, and all parties have a duty to make good faith efforts to resolve the disputes.

b.      In the event the parties are unable to resolve any disputes regarding the designation of Confidential Information, the party disputing the designation may request appropriate relief from the Court within ten (10) days after said written notice of its disagreement.  The burden of establishing that information has been properly designated as "CONFIDENTIAL" is on the designating party or designating person.

c.      Any person who already had possession of a document or information that is subsequently designated as Confidential Information by a Propounding Party may use such information without restriction provided written notice is provided to the Propounding Party of such person's claimed rights under this subparagraph of the Order.  Nothing in this Order precludes the Propounding Party from seeking additional relief from this Court with respect to such Confidential Information.  Until and unless such additional relief is granted, however, the rights of the parties set forth in this subparagraph of the Order shall remain in effect.

20.     Nothing in this Order shall bar Counsel from rendering advice to their clients with respect to this litigation and, in the course of rendering advice, relying generally on the examination of Confidential Information produced or exchanged, provided, however, that in rendering such advice and in otherwise communicating with his client, Counsel must not disclose the contents of any Confidential Information if such disclosure would be contrary to the terms of this Order.

21.     The provisions of this Order shall survive the termination of this action.  Within ninety (90) days after the final termination of this action, including the exhaustion or expiration of appellate rights, Counsel and the parties shall, upon

request of the Propounding Party, return all Confidential Information to the Propounding Party, including any copies, excerpts, and summaries, or shall destroy such Confidential Information at the option of the receiving party, and shall purge all electronic data from any computers or media devices on which the Confidential Information resides.  Notwithstanding the foregoing, Counsel may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information.  Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information. Counsel and the parties shall upon request of any other party deliver written certification of compliance with the provisions of this paragraph of the Order to the requesting party within thirty (30) days of receipt of such a written request, unless this Court orders otherwise.  If a Propounding Party requests that an employee of the party, or a retained expert, provide such written certification, in addition to certification by Counsel, such written certification shall be provided by the party or by the retained expert, as applicable, within thirty (30) days of the receipt of such a request by Counsel for the party, or by Counsel for the party who retained the expert.

22.    Pursuant to 45 C.F.R. §§ 164.512(1)(e)(i), (1)(e)(ii)(B), and (1)(e)(v), private medical, personal identifying, or financial information exchanged or obtained at any time during this action through formal or informal discovery that is encompassed or claimed to be encompassed within the protections afforded under HIPAA ("HIPAA Material"), including without limitation information produced by the parties to the action or by third parties responding to subpoenas served in the action, shall be treated as Confidential Information.  The parties further stipulate

/ / /

1   that they are prohibited from using or disclosing any such HIPAA Material for any
2   purpose other than for this litigation (unless required by law).

3        23.     Pursuant to the Gramm Leach Bliley Act, and specifically, the judicial
4   process exemption provisions of 15 U.S.C. § 6802(e)(8), the disclosure of
5   documents and information potentially falling within the scope of 15 U.S.C. § 6802,
6   by parties to this action or persons and entities served with subpoenas in this action,
7   shall take place without the necessity of compliance with the prior notice provisions
8   of 15 U.S.C. § 6802(a) or (b).  All such disclosures shall be considered Confidential
9   Information subject to the terms of this Order.

10       24.     This Order is without prejudice to the right of any party or person to
11  seek relief from the Court, upon good cause shown, from any of the provisions
12  contained in this Order.

13       25.     The Court may modify the terms and conditions of this Order for good
14  cause, or in the interest of justice, or on its own order at any time in these
15  proceedings.

16  / / /
17  / / /
18  / / /
19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

GODFREY & KAHN,
S.C.

13

CASE NO. CV13-3525 CAS (JEMx)
CONFIDENTIALITY STIPULATION

1    IT IS SO STIPULATED by the parties, through their counsel.

2

3    Dated:  December 20, 2013          GODFREY & KAHN, S.C.

4                                 By:   /s/ Paul F. Heaton [as authorized on

5                                       12/19/13
                                        Paul F. Heaton

6                                       (*admitted pro hac vice*)
                                        Dustin B. Brown

7                                       Attorneys for Defendant
                                        THE NORTHWESTERN MUTUAL LIFE

8                                       INSURANCE COMPANY

9                                       BURKE, WILLIAMS & SORENSEN, LLP

10                                      Edith Sanchez Shea
                                        Attorney for Defendant

11                                      THE NORTHWESTERN MUTUAL LIFE
                                        INSURANCE COMPANY

12

13   Dated:  December 20, 2013          MORRIS POLICH & PURDY

14                                By:   /s/ Garry Hamble [as authorized on

15                                      12/19/13]
                                        Gary Hamblet

16                                      Attorneys for Defendants
                                        MASSACHUSETTS MUTUAL LIFE

17                                      INSURANCE COMPANY

18   Dated:  December 20, 2013          BEITCHMAN & ZEKIAN, P.C.

19                                By:   /s/ David P. Beitchman [as

20                                      authorized on 12/19/13
                                        David P. Beitchman

21                                      Andre Boniadi
                                        Attorneys for Plaintiffs

22                                      JACOB AND ZAHAVA SHALIT

23

24

25

26

27

28

1
2

# **PROTECTIVE ORDER**

3
4
5
6
7
8
9

    Upon consideration of the Confidentiality Stipulation between the parties in *Jacob Shalit, an individual and Zahava Shalit, an individual v. The Northwestern Mutual Life Insurance Company, a Wisconsin Corporation; Massachusetts Mutual Life Insurance Company, a Massachusetts corporation; Adam Simon, an individual; and Does 1 through 10, inclusive*, Case No. CV13-3525 CAS (JEMx), the Court hereby approves said Stipulation and orders the parties to comply with its terms.

10
11
12
13
14
15

Dated:  December 23, 2013     _____
                              ~~Hon. Christina A. Snyder~~
                              John E. McDermott,
                              United States Magistrate Judge

16
17
18
19
20
21
22
23
24
25
26
27
28